**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| MICHAEL P. LOVELACE, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 7:25-CV-36 (LAG) |
| : | |
| WARDEN ODUM, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

*Pro se* Plaintiff Michael P. Lovelace, Jr., a prisoner at Valdosta State Prison in Valdosta, Georgia, has filed a "class-action lawsuit" under 42 U.S.C § 1983. (Doc. 1). Plaintiff requests to "make all inmates at Valdosta State Prison a plaintiff in the said federal lawsuit as they share the same Eight[h] Amendment violation with injuries… ." (Doc. 5 at 1). A prerequisite for class action certification is a finding by the Court that the representative party can "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). The Eleventh Circuit repeatedly has held that a *pro se* plaintiff is not an adequate class representative and may not litigate on behalf of others. *See Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (per curiam) (finding *pro se* litigant cannot bring an action on behalf of his fellow inmates); *Bass v. Benton*, 408 F. App'x 298 (11th Cir. 2011) (per curiam) (affirming dismissal of *pro se* former prisoner's § 1983 class action because "the general provision permitting parties to proceed *pro se*" does not provide "a personal right that . . . extend[s] to the representation of the interests of others"); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"); *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming

dismissal of the portion of a prisoner's complaint that sought relief on behalf of the prisoner's fellow inmates).[1]

Because Plaintiff is a prisoner proceeding *pro se*, the Court cannot find he is an adequate representative that can litigate on behalf of his fellow prisoners in a class action lawsuit. Accordingly, the Court **DISMISSES** this Complaint **without prejudice.** Each Plaintiff may file their own *separate* complaint asserting claims that are personal to that prisoner and for which they will be individually responsible for docketing fees.[2]

**SO ORDERED**, this 4th day of June, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[2] Plaintiff is reminded that he has at least three prior dismissals while incarcerated or detained that qualify as strikes under 28 U.S.C. § 1915(g). *See, e.g.*, *Lovelace v. Clayton County*, No. 1:04-cv-2987-WBH (N.D. Ga. Oct. 27, 2004) (dismissed for failure to state a claim); *Lovelace v. Aldridge*, No. 1:04-cv-783-WBH (N.D. Ga. Apr. 8, 2004) (same); *Lovelace v. Georgia*, No. 1:03-cv-1807-WBH (N.D. Ga. July 30, 2003) (dismissed as frivolous); *see also Lovelace v. United States Government*, No. 1:23-cv-5981-LMM (N.D. Ga. Feb. 2, 2024) (denying request to proceed *in forma pauperis* under §1915(g) and dismissing case due to Plaintiff having three or more strikes). Therefore, Plaintiff's ability to proceed *in forma pauperis* in federal civil actions is strictly limited. *See* 28 U.S.C. § 1915(g); *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999); *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam).